IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAVEREN ROBINSON, | ) | |
| Plaintiff, | ) | Civil Action No. 13-199Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CHAD VILUSHUIS, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 3] be GRANTED and the Complaint be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act.

**II. REPORT**

**A. Procedural History**

Plaintiff, an inmate in state custody acting *pro se*, filed this action as a "Criminal Complaint" against Royce Smith, Attorney Chad Vilushis, Attorney Mark Richmond, Judge John Bozza, Police Chief C. Bowers, Judge Jacqueline Shogan, Judge Anne Lazarus, Judge William Platt, Judge Michael Dunlavey, Deputy Attorney General Daniel Dye, Deputy District Attorney David Spurgeon, Anne Styn of the District Attorney's Office, and Civil Investigator Nelson Brewster of the Office of the Attorney General. Plaintiff accuses the Defendants of "Obstruction of Proceedings," "Conspiracy against rights," and "Deprivation of rights under color of law."

1

Plaintiff seeks leave to proceed *in forma pauperis* in this matter.  See ECF No. 3.

**B. Standards of Review**

    **1) The Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A).  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from governmental officers and employees.

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see also Schneller v. Able Home Care, Inc., 389 Fed.Appx 90, 92 (3d Cir. 1990). Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous.  See Jackson v. Brown, 460 Fed.Appx 77, 79 n.2 (3d Cir. 2012) ("As a procedural matte, therefore, the District Court should have addressed Jackson's [*in forma*

2

*pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] in that situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at

555.  The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999).  See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.").  Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. Assessment of Plaintiff's motion for leave to proceed in forma pauperis

In his motion Plaintiff states that he is unable to pay the filing fee associated with this civil rights case. Plaintiff's institutional account statement reveals that his account balance at the end of July was approximately $80.00. Based upon this averment, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his request for leave to proceed *in forma pauperis* should be granted.

### D. Assessment of Plaintiff's complaint

Plaintiff's complaint is clear that he seeks to have this Court impose criminal charges against the named Defendants.

In the federal courts, a criminal complaint is initiated by the government usually through the U.S. Attorney's Office in coordination with a law enforcement agency. A private citizen cannot file a criminal complaint in court "nor is there a federal right to require the Government to initiate criminal proceedings." Wheeler v. Ulisny, 482 Fed.Appx 665, 669 (3d Cir. 2012) citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) and Staller v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988).

Accordingly, the complaint should be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act.

## III. CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 1] be GRANTED and the Complaint be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See <u>Brightwell v. Lehman</u>, 637 F.3d 187, 194 n.7 (3d Cir. 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 1, 2013